**Randy J. Harvey**, OSB #116714
BASSINGER & HARVEY
PO Box 1309
Sherwood, Oregon 97140
Telephone: 503-822-5340
Facsimile: 503-433-140
randy@bassingerharveylaw.com

**Of Attorneys for Plaintiff
Jennifer Bacon**

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| JENNIFER BACON, | Case No. |
| Plaintiff, | **COMPLAINT** |
| and | 1. Retaliation;<br>2. Discrimination;<br>3. Deprivation of Constitutional Rights; and<br>4. Hostile Work Environment. |
| DEPARTMENT OF HUMAN SERVICES, a subdivision of the State of Oregon, AND SONJA BUCCHOLTZ an Individual | |
| Defendants. | **DEMAND FOR JURY TRIAL**<br><br>CLAIMS NOT SUBJECT TO MANDATORY ARBITRATION<br><br>Claim: $1,650,000<br><br>Filing Fee $834 (ORS 21.160(1)(d)) |

Plaintiff alleges:

## I. INTRODUCTION

1. This is an employment case involving retaliation, discrimination and hostile work environment that resulted in the Plaintiff's discharge. Plaintiff's fundamental rights were violated when she was pressed and compelled through oppressive means to engage in conduct directly in violation of her her rights to advocate for the public interest and report violations of the law.

## II. JURISDICTION AND VENUE

2. This is an action for violations of the United States Constitution brought under 42 U.S.C § 1983. This court has original jurisdiction over Plaintiff's federal claims under 28 U.S.C. §§ 1331 and 1334(3) and (4). This court also has supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in Oregon's federal court in this division, pursuant to 28 U.S.C. § 1391(b), because the events giving rise to Plaintiff's claims arose within this district.

4. Plaintiff timely provided Department of Human Resources (hereinafter, "DHS") with a written tort claim notice pursuant to ORS 30.275 by a letter dated November 2, 20187

## III. THE PARTIES

5. At all material times herein, Plaintiff was and is an American citizen living in Oregon and working for DHS.

6. At all material times herein, Defendant DHS is a subdivision of the State of Oregon.

7. At all material times herein, Defendant Sonja Buccholtz (hereinafter, "Buccholtz") was employed as a manager and at times acted within the scope and course of her employment and under the color of law.

## IV. FACTUAL ALLEGATION

8. Plaintiff delivered an Oregon Tort Claims Notice to DHS on or about November 2, 2017 and more than thirty days have passed since DHS received the Tort Claim Notice regarding claims and damages. DHS has not responded to the Tort Claim Notice.

9. This Complaint is properly before this Court because it is a court of general jurisdiction and all of the claims in the complaint arise under Oregon State Law, the Oregon Constitution, federal statute, the United States Constitution, and/or common law, and because all events described herein occurred in the State of Oregon.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### Against DHS

**(Retaliation for Whistleblowing Criminal Conduct and Policy Violations - ORS. 659A.199 *et.seq*)**

10. Plaintiff adopts paragraphs 1 through 9 by reference.

11. Plaintiff, in good faith, reported criminal conduct or behavior which violated one or more of DHS's policies, procedures and or protocols, in one or more of the following particulars:

    A    Complained about improper falsification of reports and failing to investigate illegal conduct by employees of DHS;

    B.    Reported and complained about employees in DHS to properly dispose of and/or properly process reports in a timely manner;

    C.    Reported and complained about officials not investigating or taking into custody children who were endanger; and

    D.    Reported and complained about backdating and false reports pertaining to investigations.

12. After Plaintiff made these reports and complaints to her DHS superiors, Plaintiff was

subjected to ongoing harassment, ridicule, scorn and disciplinary procedures, including multiple pretextual investigations and finally termination.

13. Plaintiff complained to DHS staff that she was being harassed and ridiculed as a result of her reports of misconduct and refusal to participate in the pattern of records violations endorsed by DHS management.

14. After Plaintiff reported misconduct by employees and supervisors, her case load was intentionally increased to the point it was not possible to handle the number of cases that she was being given and thereafter she was subjected to pretextual disciplinary actions in retaliation for her protected activities.

15. Plaintiff received notice that she was being investigated for misconduct. Plaintiff knew the investigation was pretext given that her job duties and performance were consistent with and above average for DHS.

16. Plaintiff has been harmed mentally and emotionally as a direct and proximate result of DHS's retaliation against Plaintiff for whistleblowing according to proof, but not less than $400,000.

17. Plaintiff is entitled to a statutory recovery of attorney fees and costs under ORS 659A.885, *42 U.S.C. § 20003-5(k).*

## SECOND CLAIM FOR RELIEF

### COUNT ONE

### Against DHS

**(Discrimination and Harassment- ORS. 659A.199 *et.seq*)**

18. Plaintiff adopts paragraphs 10 through 17 by reference.

19. Plaintiff was subjected to discrimination and harassment by DHS employees and thereby by DHS respondiat superior, for engaging in protected activity in the form of refusal to

participate in illegal and improper conduct in one or more of the following particulars:

      A.    Reporting violations of protocols in the processing of case intakes;

      B.    Reporting violations of policy in backdating reports to give the false impression that cases were being handled in a timely manner; and

      C.    False reporting case information to the court.

20. Plaintiff was discriminated against for using protected leave under Oregon Family Medical Leave Act including using the protected leave, and being assigned duties to complete while she was on protected leave.

21. Plaintiff was subjected to harassment, scorn and ridicule for her refusal to participate in the illegal and improper activities of false recording and reporting which was common in the department Plaintiff reported said conduct to superiors and as a result her work environment was adversely altered..

22. Thereafter, Plaintiff's supervisor circulated statements to staff that Plaintiff was overly sensitive and supervisors mocked Plaintiff in meetings with other DHS employees.

24. As a result of Plaintiff's complaints about inappropriate conduct in the workplace, Plaintiff has been subjected to harassment, ridicule, and isolation that has interfered with her ability to perform Plaintiff's duties and placed Plaintiff in fear for her wellbeing causing her to suffer severe mental and emotional distress according to proof, but not less than $200,000.

25. Plaintiff has suffered financial harm as a result of being terminated from her job according to proof, but not less than $300,000.

26. Plaintiff has suffered harm to her reputation as a skilled social worker and is entitled to compensatory damages in an amount according to proof, but not less than $200,000.

27. Plaintiff is entitled to recover statutory attorney fees and costs according to suit under ORS 659A.885, 42 U.S.C. § 20003-5(k).

# COUNT 2

## Against Sonja Buccholtz

**(Discrimination based on Use of Protected OFLA and Reporting Misconduct - ORS. §§ 659A.*et.seq*)**

28. Plaintiff adopts paragraphs 18 through 27 by reference.

29. Plaintiff was subjected to discrimination for engaging in protected activity in the form of Plaintiff's good faith reporting and complaining illegal and improper conduct by Sonja Buccholtz.

30. Sonja Buccoltz in retaliation for Plaintiff's use of protected leave interfered in Plaintiff 's leave by requiring Plaintiff to perform duties while on leave and by tolling work assigned to Plaintiff so that when she returned to work she was swamped with a backlog of work in retaliation for her reports of Buccholtz's misconduct.

31. Thereafter Buccholtz engaged in pretextual review of Plaintiff's work to find a basis to terminate her employment and did terminate Plaintiff's employment.

32. Buccholtz's treatment of Plaintiff was a direct and proximate result of Plaintiff's economic loss according to proof, but not less than $300,000.

33. Buccholtz's treatment of Plaintiff was a direct and proximate result of Plaintiff's severe mental and emotional distress according to proof, but not less than $400,000.

34. Buccholtz's actions were intentional and malicious to discredit and harm Plaintiff's professional reputation as a long-time law enforcement officer according to proof, but not less than $200,000 in damages for loss of reputation.

35. Plaintiff is entitled to recover statutory attorney fees and costs according to suit under ORS 659A.885, 42 U.S.C. § 20003-5(k).

## THIRD CLAIM FOR RELIEF

### Against Defendants

**(Deprivation of Civil Rights; Or. Const. §§3,8; U.S. Const. Section §§ 1981, 1983)**

36  Plaintiff incorporates paragraphs 28 through 35 by reference.

37.  Because of DHS's actions to harass, intimidate and threaten Plaintiff rights guaranteed to her under the First and Fourteenth Amendments to the United States Constitution, as applied to state and local governments under the Fourteenth Amendment, in one or more of the following particulars:

- A. DHS substantially burdened Plaintiff's right to free exercise of her speech liberty to prevent her from reporting and acting to protect the interests of children in the State's custody, control or jurisdiction;

- B. DHS substantially burdened Plaintiff's right to free speech by attempting to silence her;

- C. DHS substantially burdened Plaintiff's right not to be compelled to speak or express a message contrary to her own interests values and beliefs in the face of adverse employment and professional punishment for exercising her First Amendment rights to speak against governmental misconduct and illegal activity;

- D. DHS substantially burdened Plaintiff's right to free speech by imposing unconstitutional conditions based on discrimination against the viewpoint of her speech;

- E. Defendants substantially burdened Plaintiff's right to due process by applying policies, customs and practices that were vague and overbroad by vesting Defendants with unbridled discretion to punish protected expression without objective standards or guidelines, arbitrarily and impermissibly chilling protected First Amendment expression, whereby a reasonable person could not determine what conduct was required to conform to such policies, practices or customs;

F.  Defendants substantially burdened Plaintiff's right to free speech and free exercise by retaliating against her for exercising his First Amendment rights;

G.  Plaintiff was deprived of her right to be free from discrimination on the basis of her strongly held beliefs; and

H.  Plaintiff was deprived of her right to be free from discrimination on the basis of opposition to illegal conduct including discrimination for protected activity, use of OFLA leave and for her Whistleblowing.

38. The deprivation of Plaintiff's constitutional rights was pursuant to the official policies, practices and/or customs of Defendants, which are neither neutral nor of general applicability, and Plaintiff is entitled to damages according to proof, but not less than $250,000.

39. Defendants' actions were not the least restrictive means of accomplishing any legitimate, let alone compelling, governmental interest.

40. As a direct result of the misconduct of Defendants, Plaintiff suffered economic and noneconomic damages according to proof, but not less than $ 500,000.

41. Plaintiff is entitled to recover compensatory damages according to proof, but not less than $300,000.

42. Plaintiff is entitled to recover reasonable and necessary attorney fees and costs incurred in the prosecution of this action pursuant to 42 U.S.C. §1988.

## FOURTH CLAIM FOR RELIEF

### Against DHS

### (Hostile Work Environment - ORS 659A.199 *et.seq.*)

43. Plaintiff incorporated paragraphs 36 through 42 by reference.

44. Plaintiff reported to her superiors that she was being ridiculed, harassed and isolated as a result of her protected activities herein stated.

45. Plaintiff's superiors including Buccholtz took no action to protect Plaintiff.

46. On information and belief, supervisors encouraged and participated in DHS employees engaging in retaliatory conduct directed at Plaintiff in one or more of the following particulars and took no action to prevent said activity:

   A. Inciting, encouraging or compelling the institution of two pretextual investigations;

   B. Inciting, encouraging and participating in DHS employees ridicule and harassment of Plaintiff;

   C. Falsely evaluating and examining Plaintiff's work for the purpose of discriminating, harassing and retaliating against Plaintiff.

47. DHS knew or reasonable should have known that Buccholtz and other DHS personnel were harassing and discriminating against Plaintiff and took no action to stop the conduct.

48. As a result of Buccholtz's conduct, Plaintiff suffered mental and emotional distress according to proof, but not less than $400,000.

49. As a result of Buccholtz spreading false rumors and encouraging harassment, discrimination and retaliation, Plaintiff has suffered a loss of professional reputation according to proof, but not less than $200,000.

50. Plaintiff is entitled to recover statutory attorney fees and costs according to suit under ORS 659A.885, 42 U.S.C. § 20003-5(k).

## VI. DEMAND FOR JURY TRIAL

51. Plaintiff hereby requests a jury trial on all triable claims and issues herein.

## VII. PRAYER FOR RELIEF

52. WHEREFORE, Plaintiff prays for judgment Against Defendants, jointly and severally, as follows:

53. Back pay and benefits according to proof not less than $100,000;

54. Front pay for two years according to proof not less than $200,000

55. Emotional distress damages in the sum of $400,000;

56. Compensatory damages for loss to character, reputation and status as in the sum of $200,000;

57. Pre-judgment and post-judgment interest as allowed by law;

58. Plaintiff's reasonable attorney fees, costs and disbursements;

59. On all claims, as applicable, amounts necessary to offset the income tax consequences of receiving a lump sum payment, rather than receiving a payment of wages over the applicable time frame;

60. Any other relief court deems just and equitable.

61. Declaring that DHS violated the statutes set forth in plaintiff's Claims for Relief;

62. Declaring that DHS and Buccholtz violated statutes set forth in plaintiff's Claims for relief;

63. Awarding Plaintiff $200 or actual economic damages pursuant to ORS659A.885(3) for his lost earning capacity and future earnings and benefits in amounts as awarded by a jury, whichever is greater;

64. Awarding plaintiff his costs and disbursements, including reasonable attorney fees, costs, and expert witness fees pursuant to 42 U.S.C. § 1988; and

65. Any other relief the court deems just and equitable.

///
///
///
///

Respectfully submitted this 2nd day of November, 2018.

                          BASSINGER & HARVEY

By:   */s/ Randy J. Harvey*
       **Randy J. Harvey** (OSB No. 116714)
       Randy@bassingerharveylaw.com
       BASSINGER & HARVEY
       PO BOX 1309
       Sherwood, Oregon 97140
       Telephone: (503) 822-5340
       Facsimile: (503) 433-1404

       Of Attorneys for Plaintiff
       Jennifer Bacon