UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

JENNIFER BACON,

          Plaintiff,

      v.

DEPARTMENT OF HUMAN SERVICES,
A subdivision of the State of Oregon; and
SONYA BUCHHOLTZ, an individual,

          Defendants.

Case No. 3:18-cv-01925-YY

OPINION AND ORDER

YOU, Magistrate Judge:

    Plaintiff Jennifer Bacon has brought suit against defendants Department of Human Services ("DHS") and Sonya Buchholtz ("Bucholz"), alleging claims of whistleblower retaliation and hostile work environment under O.R.S. 659A.199 and a claim pursuant to 42 U.S.C. § 1983 for violation of her rights under the First and Fourteenth Amendments. Defendants have filed a motion for summary judgment (ECF #29), which is granted in part and denied in part for the reasons discussed below.[1]

---

[1] The parties have consented for a magistrate judge to conduct all proceedings in this case pursuant to 28 U.S.C. § 636(c)(1).

1 – OPINION AND ORDER

I.      **Summary Judgment Standard**

Under Federal Rule of Civil Procedure 56(a), "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party moving for summary judgment bears the initial responsibility of informing the court of the basis for the motion and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party does so, the nonmoving party must "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 342 (citing FED. R. CIV. P. 56(e)).

In determining what facts are material, the court considers the underlying substantive law regarding the claims. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Otherwise stated, only disputes over facts that might affect the outcome of the suit preclude the entry of summary judgment. *Id.* A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Id.* at 248-49. A "scintilla of evidence" or "evidence that is merely colorable or not significantly probative" is insufficient to create a genuine issue of material fact. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quotations and citations omitted).

The court "does not weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial." *Balint v. Cason City, Nev.*, 180 F.3d 1047, 1054 (9th Cir. 1999). "Reasonable doubts as to the existence of material factual issue are

resolved against the moving parties and inferences are drawn in the light most favorable to the non-moving party." *Addisu*, 198 F.3d at 1134.

The Ninth Circuit has cautioned against "too readily" granting summary judgment in employment discrimination cases because of "the importance of zealously guarding an employee's right to a full trial, since discrimination claims are frequently difficult to prove without a full airing of the evidence and an opportunity to evaluate the credibility of the witnesses." *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1112 (9th Cir. 2004); *see also Chuang v. Univ. of California Davis, Bd. of Trustees*, 225 F.3d 1115, 1124 (9th Cir. 2000) ("As a general matter, the plaintiff in an employment discrimination action need produce very little evidence in order to overcome an employer's motion for summary judgment. This is because 'the ultimate question is one that can only be resolved through a searching inquiry—one that is most appropriately conducted by a factfinder, upon a full record.'") (quoting *Schnidrig v. Columbia Mach., Inc.*, 80 F.3d 1406, 1410 (9th Cir. 1996)).

## II. Claims One and Four: Violations of O.R.S. 659A.199 Against DHS

In Claims One and Four, plaintiff asserts claims against DHS for whistleblower retaliation and hostile work environment under O.R.S. 659A.199. That statute provides in pertinent part:

> It is an unlawful employment practice for an employer to discharge, demote, suspend or in any manner discriminate or retaliate against an employee with regard to promotion, compensation or other terms, conditions or privileges of employment for the reason that the employee has in good faith reported information that the employee believes is evidence of a violation of a state or federal law, rule or regulation.

O.R.S. 659A.199(1).

3 – OPINION AND ORDER

### A. Timeliness

The parties agree that a one-year statute of limitations applies to plaintiff's O.R.S. 659A.199 claims because she did not file a claim with the Oregon Bureau of Labor and Industries. *See* ORS 659A.875. Because plaintiff filed this lawsuit on November 2, 2018, any acts prior to her November 3, 2017 termination cannot serve as the basis of recovery for Claim One, whistleblower retaliation. These acts, however, may be relevant and admissible as background facts and to show defendants' intent and motive regarding retaliation.

Moreover, these acts are admissible to establish plaintiff's hostile work environment claim, Claim Four. *See Lyons v. England*, 307 F.3d 1092, 1105–1106 (9th Cir. 2002) (holding a hostile work environment claim "will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period"); *Reyna v. City of Portland*, No. 02-cv-980-JO, 2005 WL 708344, at *5 (D. Or. Mar. 28, 2005) ("The hostile work environment claims under federal and state law are subject to the 'continuing violation' and 'continuing tort' analysis, and are timely.").

### B. Retaliation—Prima Facie Case

To establish a prima facie case of retaliation under O.R.S. 659A.199, a plaintiff must demonstrate that (1) she was engaged in a protected activity; (2) she suffered an adverse employment decision; and (3) there was a causal link between the protected activity and the adverse employment decision. *Brunozzi v. Cable Commc'ns, Inc.*, 851 F.3d 990, 998 (9th Cir. 2017). If the plaintiff establishes a prima facie case, the burden shifts to the defendant to rebut the inference of retaliation by offering a legitimate, non-discriminatory reason for the employee's termination. *Neighorn v. Quest Health Care*, 870 F. Supp. 2d 1069, 1102 (D. Or. 2012). If the defendant successfully rebuts the inference of retaliation, the burden of production

shifts back to the plaintiff to show that the defendant's explanation is merely a pretext for impermissible retaliation.  *Id.*

### 1. Adverse Employment Action

Defendants concede "there is no genuine issue of material fact as to the first prima facie element, i.e., allegedly reporting falsification of DHS records by [Jonica] Durbin and [Miguel] Fuentes constitutes protected activity."  Mot. Summ. J. 13.  Defendants also concede there is no genuine issue of material fact as to the second element—"plaintiff suffered an adverse employment decision of being fired."  *Id*. at 14.  However, defendants contend that "[e]ven if plaintiff's contentions of harassment, ridicule, and so forth were timely pled, they are not actionable because they are not adverse employment actions pursuant to ORS 659A.199."  Mot. Summ. J. 12.

As discussed above, only plaintiff's termination is timely for purposes of establishing her whistleblower retaliation claim.  However, defendants' other actions, even if they do not constitute adverse employment actions, are relevant for purposes of explaining background, proving intent and motive regarding retaliation, and establishing a hostile work environment claim.

### 2. Causal Link

DHS contends there is insufficient temporal proximity between plaintiff's whistleblowing regarding Durbin and Fuentes in August and September 2016 and her termination over a year later on November 3, 2017, to establish a causal link.  Mot. Summ. J. 15, ECF #29.

"[I]n some cases, causation can be inferred from timing alone where an adverse employment action follows on the heels of protected activity."  *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) (finding "[a] nearly 18–month lapse between protected

5 – OPINION AND ORDER

activity and an adverse employment action is simply too long, by itself, to give rise to an inference of causation"); *see also Clark Cty. School Dist. v. Breeden*, 532 U.S. 268, 273 (2001) ("[C]ases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima face case uniformly hold that the temporal proximity must be very close.") (internal quotation marks omitted) (citing to cases where three and four month periods are insufficient to establish causality). However, a causal link between the whistleblowing activity and an adverse employment action may be shown in other ways. "Retaliation often follows quickly upon the act that offended the retaliator, but this is not always so." *Coszalter v. City of Salem*, 320 F.3d 968, 978 (9th Cir. 2003). Accordingly, there is not "bright-line rule about the timing of retaliation." *Id.*

> There is no set time beyond which acts cannot support an inference of retaliation, and there is no set time within which acts necessarily support an inference of retaliation. Whether an adverse employment action is intended to be retaliatory is a question of fact that must be decided in the light of the timing and the surrounding circumstances. In some cases, the totality of the facts may form such a clear picture that a district court would be justified in granting summary judgment, either for or against a plaintiff, on the issue of retaliatory motive; but the length of time, considered without regard to its factual setting, is not enough by itself to justify a grant of summary judgment.

*Id.* Moreover, "[a]t the prima facie stage of a retaliation case, the causal link element is construed broadly so that a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated." *Poland v. Chertoff*, 494 F.3d 1174, 1180 n.2 (9th Cir. 2007 (internal quotation marks and alteration omitted).

Here, there are genuine issues of material fact regarding whether plaintiff's termination was based on performance issues or instead in retaliation for her whistleblowing. Plaintiff contends that, in August 2016, when she initially reported to Bucholz that Fuentes and Durbin

had falsified records, Bucholz became "incensed" and responded, "What is it that I'm supposed to think about Jennifer Bacon right now? I believe you are trying to stir up controversy within the unit, and you are not to discuss this with anyone else outside of this room." Bacon Decl. ¶ 7. When plaintiff repeated her concerns to Bucholz in September 2016, Bucholz responded that it "was a very bold statement," accused plaintiff of trying to stir up controversy, and ended the meeting. *Id.* ¶ 8.

Plaintiff noticed that after those conversations, Bucholz started "treating [her] differently." *Id.* ¶ 9. Bucholz's tone with plaintiff was short and curt, and she canceled their meetings. *Id.* Plaintiff had difficulty staffing her cases with Bucholz, who would not respond to her calls, messages, and pages for assistance. *Id.* ¶ 11. In October 2016, Bucholz pulled plaintiff into a small conference room and falsely accused her of being in a romantic relationship with an officer. During the conversation, Bucholz said, "I don't know what to do with you," stood over plaintiff, pointed her finger at her, humiliated her, and made her cry. *Id.* ¶ 10.

Before plaintiff went on medical leave in December 2016, Bucholz did not meet with plaintiff to arrange for coverage while she was gone. *Id.* ¶ 11. As a result, plaintiff had to manage one of her cases, even though she was on medical leave, because Bucholz was not responding to safety service providers. *Id.* ¶ 12.

In late January 2017, Bucholz criticized plaintiff's handling of a case by accusing her of "not staying in [her] lane and being in the middle of conflicts and drama." *Id.* ¶ 13. On another occasion, when plaintiff walked into the room, Bucholz remarked to other supervisors, "Here comes the force to be reckoned with." *Id.* ¶ 39.

On September 8, 2017, plaintiff received notice of Commencement of the Predismissal Process for Just Cause. *Id.* ¶ 34. The complaints regarding plaintiff's performance included:

(1) attempts at initial face-to-face contacts on many of her cases were outside the timeframes directed by policy and the reasons for this were not narrated in case notes; (2) these delayed or not completed initial face-to-face contacts were either not staffed with a member of management or those staffings were not documented in case notes; and (3) there appeared to be instances where she had not followed a reasonable directive from her supervisor. Bacon Decl., Ex. 18, at 2. However, according to plaintiff, the entire section was behind in producing timely assessments. Bacon Decl., Ex. 19, at 5. Moreover, plaintiff has provided extensive and detailed information regarding the level of care she exercised in handling her cases. *Id.* at 3-4. Even though she was out on medical leave for three out of eight months, her "investigations ha[d] led to court cases far above other caseworkers," Bucholz Decl., Att. 4, at 16, and she "carried the highest amount or nearly the highest amount of court cases in Washington County." Bacon Decl., Ex. 19, at 1. Plaintiff further claims that the allegation she did not staff her cases is "untrue as evidenced by the amount of correspondence" between her and supervisors. *Id.* at 5. Also, plaintiff received no progressive discipline. Bacon Decl. ¶ 38.

In sum, while there is no temporal proximity between plaintiff's whistleblowing actions and termination, "the record in this case reflects that the parties were involved in an ongoing, contentious relationship from which a jury might find a retaliatory animus." *Chou v. Potter*, CV 06-5683 GAF (RCX), 2008 WL 11338553, at *6 (C.D. Cal. Sept. 26, 2008). Thus, there is a genuine issue of material fact as to whether plaintiff has established a prima facie case.

### C.     Retaliation—Pretext

A plaintiff can prove pretext in two ways: (1) indirectly, by showing that the employer's proffered explanation is "unworthy of credence" because it is internally inconsistent or otherwise not believable, or (2) directly, by showing that unlawful discrimination more likely motivated the

employer. *Chuang v. U. of California Davis, Bd. of Trustees*, 225 F.3d 1115, 1127 (9th Cir. 2000). "These two approaches are not exclusive; a combination of the two kinds of evidence may in some cases serve to establish pretext so as to make summary judgment improper." *Id.* Otherwise stated, it is the "cumulative evidence to which a court ultimately looks." *Id.*

The court again views the evidence in the light most favorable to plaintiff. The evidence, in particular Bucholz's statements deriding plaintiff for stirring up controversy, not staying in her lane, and being a force to be reckoned with, as well as the numerous challenges that plaintiff has made to the legitimacy of her termination, are sufficient to create a triable issue regarding whether the proffered reasons for her termination were a pretext for retaliation.

Accordingly, summary judgment is denied on Claims One and Four.

### III. Claim Two, Count One: Discrimination and Harassment Against DHS under O.R.S. 659A.199

Because, as DHS contends, Claim Two, Count One is duplicative of Claim One, it is dismissed.

### IV. Claim Two, Count Two: Discrimination For Use of OFLA and Reporting Misconduct Under O.R.S. § 659A Against Bucholz

The First Amended Complaint alleges Claim Two, Count Two against Bucholz. First Am. Compl. 6. However, plaintiff concedes that "[t]o the extent the claim is against Ms. Bucholz for conduct in the scope of her employment, the claim is properly against DHS only." Resp. 30, ECF #42. Accordingly, Claim Two, Count Two against Bucholz is dismissed.

Further, as DHS correctly contends, plaintiff cannot, as a matter of law, allege a claim for retaliation under O.R.S. 659A.199 for taking OFLA leave. Reply 8. O.R.S. 659A.199 protects whistleblowing and does not apply to the OFLA. The deadline to amend pleadings expired on June 30, 2019. The court will not construe plaintiff's complaint to allege an OFLA claim that is

9 – OPINION AND ORDER

not specifically pleaded, particularly on summary judgment. Because there is no OFLA retaliation claim against DHS, it is unnecessary to analysis the merits of such a claim.

## V.        Claim Three:  42 U.S.C. § 1983

In Claim Three, plaintiff alleges a claim against both defendants pursuant to 42 U.S.C. § 1983 for a violation of her right to free exercise of speech under the First and Fourteenth Amendments. First Am. Compl. 7.

Plaintiff concedes that a section 1983 claim cannot be maintained against DHS. Resp. 25. Indeed, DHS is not a "person" subject to suit under § 1983. Accordingly, to the extent Claim Three asserts a cause of action against DHS, it is dismissed.

Buchholz contends that because she was not the person who terminated plaintiff and did she have the authority to terminate plaintiff, she did not have the requisite (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the wrongful conduct and the constitutional violation to be liable under § 1983. Mot. Summ. J. 18. Buchholz argues that plaintiff has sued the wrong person, and it is too late to amend the complaint to sue the correct person, Tracy Garcia, the human resources analyst who signed the termination letter. *Id.*

Section 1983 provides, in pertinent part, that "(e)very person who, under color of any statute of any state . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which

complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "[P]ersonal participation is not the only predicate for section 1983 liability. Anyone who 'causes' any citizen to be subjected to a constitutional deprivation is also liable." *Id.* "The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Id*. at 743-44.

Here, plaintiff has presented sufficient evidence to establish a genuine issue of material fact on the issue of personal participation and causation. When the evidence is viewed in the light most favorable to plaintiff, it shows that Bucholz engaged in numerous affirmative acts, including deriding plaintiff for reporting Durbin and Fuentes' conduct. According to plaintiff, Bucholz thereafter treated her differently: she would not staff plaintiff's cases, canceled meetings, and did not respond to emails, texts, and pages, resulting in plaintiff's termination, in part, for failing to sufficiently staff her cases. Although Bucholz did not sign the termination letter, she was plaintiff's supervisor, and plaintiff has offered evidence that Bucholz set in motion a series of acts that she knew or reasonably should have known would result in plaintiff's termination. Accordingly, summary judgment is denied on Claim Three as it relates to a claim against Bucholz.

## CONCLUSION

Defendants' Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART as reflected in this opinion and order.

IT IS SO ORDERED.

DATED  November 11, 2020.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge

11 – OPINION AND ORDER