**Judy Danelle Snyder, OSB No. 732834**
E-mail: judy@jdsnyder.com
**Holly Lloyd, OSB No. 942979**
E-mail: holly@jdsnyder.com
LAW OFFICES OF JUDY SNYDER
1000 S.W. Broadway, Suite 2400
Portland, OR 97205
Telephone: (503) 228-5027
Facsimile: (503) 241-2249

    Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JENNIFER BACON,<br><br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HUMAN SERVICES, a subdivision of the State of Oregon, and SONYA BUCHHOLTZ, an Individual,<br><br>    Defendants. | Case No. 3:18-cv-01925-YY<br><br>PLAINTIFF'S MOTIONS *IN LIMINE* |

Plaintiff Jennifer Bacon requests the following evidence and testimony be excluded from the trial in this case:

    **1.** ***Evidence and testimony that Ms. Bacon filed another lawsuit in 2019 that has since been resolved; Exhibit 585***

The court should exclude any evidence or testimony that plaintiff filed a lawsuit in May of 2019 for personal injuries she sustained in two motor vehicle incidents, including defense Exhibit 585, *Bacon v. Muha;* Complaint; Case No.19CV23709. Such evidence does not have any

PAGE 1 - PLAINTIFF'S MOTIONS *IN LIMINE*

tendency to make a fact in the present lawsuit more or less probable than it would be without the evidence, and therefore, is not relevant. FRE 401, 402. Moreover, such evidence and testimony should be excluded as any probative value is substantially outweighed by undue prejudice to plaintiff because the jury might believe plaintiff to be litigious. FRE 403. The charge of litigiousness is a serious one, likely to result in undue prejudice against the party charged, unless the previous claims made by the party are shown to have been fraudulent .... "[a plaintiff's] litigiousness may have some slight probative value, but that value is outweighed by the substantial danger of jury bias against the chronic litigant. The trial court has a duty to prevent exploitation of this prejudice ..." *Outley v. City of New York*, 837 F.2d 587, 592 (2d Cir.1988) (quoting *Raysor v. Port Authority*, 768 F.2d 34, 40 (2d Cir.1985), *cert. denied*, 475 U.S. 1027, 106 S.Ct. 1227, 89 L.Ed.2d 337 (1986)) (internal citations omitted);*Seals v. Mitchell*, CV 04-3764 NJV, 2011 WL 1399245, at *5 (ND Cal Apr 13, 2011).

    2.    ***Evidence and testimony related to the details Ms. Bacon's 2013 interaction with Mike Irvine***

The court should exclude evidence and testimony regarding the details of Ms. Bacon's 2013 interaction with Mike Irvine, a DHS community partner, when Ms. Bacon was assaulted by Mr. Irvine at his home. In 2016, DHS investigated Mr. Irvine on separate allegations of abuse. Ms. Bacon was not involved in that investigation. During his interview, Mr. Irvine identified Ms. Bacon as someone he knew. In October of 2016, Defendant Sonya Buchholtz questioned Ms. Bacon about her relationship with Mr. Irvine and accused Ms. Bacon of failing to declare a conflict of interest. Ms. Buchholtz testified that Ms. Bacon's reaction to her questioning about Mr. Irvine played a part in her termination decision.

While the fact of Ms. Bacon's prior interactions with Mr. Irvine have some relevance to Ms. Bacon's claims, the details of the 2013 assault have no bearing on how or why Mr. Irvine came to the attention of DHS in 2016. The details of the 2013 assault are not relevant to Ms. Bacon's claims and should be excluded. FRE 401, 402.

Ms. Bacon is not seeking to exclude all testimony and evidence of the 2013 interaction.

LAW OFFICES OF JUDY SNYDER
1000 S.W. BROADWAY, SUITE 2400
PORTLAND, OREGON 97205
(503) 228-5027
FAX (503) 241-2249

Testimony that Ms. Bacon had an unpleasant interaction with Mr. Irvine in 2013 should be sufficient, as that is all the detail Ms. Bacon relayed to Ms. Buchholtz when questioned in 2016.

Even if details of the 2013 interaction with Mr. Irvine were relevant to the 2016 events, it should be excluded as any probative value is substantially outweighed by undue prejudice to Ms. Bacon. She could be erroneously perceived as inviting Mr. Irvine's conduct by being in his home for what Ms. Bacon thought was a business purpose. FRE 403. There is a substantial danger that such evidence would mislead the jury or confuse the issues at trial. FRE 403. The only relevance Mr. Irvine has to the present case is that in 2016, he became the subject of a DHS investigation, and Ms. Bacon was questioned about her relationship with him. The court should limit the evidence and testimony to that which is relevant.

### 3. *Evidence and testimony of a sexual assault Ms. Bacon suffered in December of 2016*

The court should exclude evidence and testimony regarding a sexual assault Ms. Bacon experienced in December of 2016 while recovering from a tonsillectomy at the home of Dan Muha and his children. Mr. Muha is not a party to this case, nor is he a witness. As a result of the assault, Ms. Bacon suffered a physical injury that required repair surgery in June of 2017. Details of the sexual assault, Ms. Bacon's injury and subsequent surgery have no relation to the claims or issues in this litigation and should be excluded as irrelevant. FRE 401, 402.

Ms. Bacon does not seek to exclude evidence that she required FMLA leave while employed at DHS. Such evidence is relevant to her claims of hostile work environment and retaliation. Rather, the court should exclude evidence regarding the details of the assault, as they are intimate and would be unfairly prejudicial to Ms. Bacon. FRE 403.

### 4. *Evidence and testimony of the union grievance process and settlement agreement*

Evidence that Ms. Bacon filed a union grievance, which was ultimately resolved in April of 2019 through a negotiated settlement between DHS, SEIU and Ms. Bacon should be excluded as not relevant to the claims at issue in this case. The court should exclude evidence and testimony

LAW OFFICES OF JUDY SNYDER
1000 S.W. BROADWAY, SUITE 2400
PORTLAND, OREGON 97205
(503) 228-5027
FAX (503) 241-2249

that as part of the grievance settlement, Ms. Bacon received back pay, medical expenses and was allowed to resign from her employment effective April 22, 2019.   Such evidence is not relevant to Ms. Bacon's claims in this lawsuit   FRE 401, 402.

The jury should hear the relevant evidence regarding Ms. Bacon's claims and determine her damages, if any, without reference to the negotiated union grievance settlement.  To the extent the union grievance and settlement agreement are relevant, this evidence should be excluded as it poses a danger of confusing the issues for the jury.  FRE 403.  Any issues relating to the calculation of back pay damages and any offsets may be resolved by the court after the jury is excused.

5. *Evidence and testimony that Plaintiff received unemployment compensation*

The court should exclude evidence and testimony that Ms. Bacon received unemployment compensation after her termination.  Unemployment benefits are not an offset to damages, and are therefore irrelevant.  *Kauffman v. Sidereal Corp.*, 695 F.2d 343, 346-47 (9th Cir. 1983); FRE 401, 402.

6. *Evidence of Plaintiff's bank account balances, deposits and net worth; Exhibits 581 and 582*

Plaintiff's personal bank records should be excluded as they are not relevant to any claim or defense at issue.  FRE 401, 402.  The court should exclude as irrelevant defense Exhibit 581 - Plaintiff's bank statement showing a $50,000 deposit on June 12, 2018 and Exhibit 582 - Plaintiff's bank statement showing $50,000 deposit on February 5, 2019.

Evidence that Ms. Bacon made these deposits does not make a fact of consequence to this case more or less probable, nor does it relate to Ms. Bacon's damages.  Irrelevant evidence is not admissible.  FRE 402.

In addition, at deposition, Ms. Bacon was asked by Defendants' attorney how much she had in her bank account and what her present net worth was on that day. Evidence regarding Plaintiff's personal finances and net worth should be excluded as it is not relevant to any claim or defense at issue.  FRE 401, 402.

LAW OFFICES OF JUDY SNYDER
1000 S.W. BROADWAY, SUITE 2400
PORTLAND, OREGON 97205
(503) 228-5027
FAX (503) 241-2249

### 7. *Evidence and testimony regarding the arrest of Daniel Muha; Exhibits 558 and 572*

Plaintiff moves for an order excluding evidence and testimony regarding the arrest of Daniel Muha, including Defendants' Exhibits 558 and 572, as the evidence is not relevant to any claim or defense at issue in this case. FRE 403. The Beaverton Police investigation in December 2017, Exhibit 558, and the Washington County investigation and arrest of Mr. Muha in the summer of 2017, Exhibit 572, do not relate to a fact of consequence to this case, or whether or not DHS terminated Ms. Bacon in retaliation for her whistleblowing activities. Like the civil case filed against Mr. Muha, his arrest by Beaverton Police or the Washington County Sheriff's Office does not have any tendency to make a fact related to Ms. Bacon's termination more or less probable. Nor does Mr. Muha's criminal investigation and subsequent arrest have any bearing on plaintiff's damages.

In addition, Defendants' Exhibits 558 and 572, or portions thereof, should be excluded as inadmissable hearsay evidence that is not subject to any exceptions. Exhibit 558 is a Beaverton Police report submitted by Officer Michael Smith regarding Daniel Muha's violation of a no-contact order. Officer Smith has not been identified as a witness, so this exhibit lacks foundation. Exhibit 572 is a copy of the Washington County Sheriff's Office report in Case Number 2017-172071286 involving Mr. Muha. This report was authored by Deputy James Ugelsich, who has not been identified as a witness in this case. None of the other law enforcement officers involved in authoring Exhibits 558 or 572 have been identified as witnesses; therefore, these reports contain inadmissible hearsay. "Entries in a police report based on an officer's observation and knowledge may be admitted, but statements attributed to other persons are clearly hearsay, and inadmissible under the common law exception to the hearsay rule...." *Colvin v. United States*, 479 F.2d 998, 1003 (9th Cir. 1973) (citations omitted).

### 8. *Evidence and testimony that Daniel Muha's two children lived with Ms. Bacon*

Defendants may offer evidence that in 2016, and from June 2017 through September 2017, Mr. Muha's children lived with Ms. Bacon during the week, then later, full-time while attending school. Such evidence should be excluded as not relevant. FRE 402. Ms. Bacon testified during

PAGE 5 - PLAINTIFF'S MOTIONS *IN LIMINE*

LAW OFFICES OF JUDY SNYDER
1000 S.W. BROADWAY, SUITE 2400
PORTLAND, OREGON 97205
(503) 228-5027
FAX (503) 241-2249

her deposition that her living arrangements with the children was a great experience and did not contribute to any stress she felt in 2017. Therefore, ths evidence should be excluded as irrelevant, as it has no bearing on whether or not Ms. Bacon was terminated in retaliation for her protected activities and does not relate to her damages.

> **9. Evidence and testimony of Plaintiff's medical diagnosis and treatment; Exhibits 569 and 570**

Defendants have marked as Exhibit 569 a portion of Plaintiff's medical record with Women's Healthcare Associates and as Exhibit 570, a portion of Plaintiff's medical record with Brain Rehabilitation Medicine. The Women's Healthcare Associates record includes a reference to the repair surgery for the sexual assault discussed in Motion 3, as well as her history of medical care going back to 1985, menstrual history and birth control, past pregnancies and family history of medical conditions. This exhibit is irrelevant to any of the issues in dispute in this litigation. Exhibit 570 contains a similar recitation of Plaintiff's medical history as part of this medical record regarding a traumatic brain injury resulting from a motor vehicle collision on September 5, 2017, which resulted in the litigation addressed in Motion 1. These records are not relevant to any issue in dispute in this litigation.

In addition, such records require a foundation for admissibility. Defendants have not identified the physicians involved in these medical records as experts witnesses who Defendants intend to call to testify at trial. These records containing opinions or diagnoses are subject to the rules governing opinion testimony. FRE 701; FRE 701. The authors of these records are not even identified on the records. Accordingly, these records are inadmissible hearsay.

The admission of a portion of a medical record creates an issue of untrustworthiness when the person who made the entries is not available to testify. FRE 803(6)

> **10. Evidence of Plaintiff's mental health therapy, diagnosis and treatment; Exhibits 568**

Defendants have marked as Exhibit 568 portions of Plaintiff's therapy record with Paul Kohn, mental health therapist. While these records are not automatically admissible, portions of

them may become relevant for Defendants cross examination of Mr. Kohn who has been identified by Plaintiff as a witness. Nevertheless, in the absence of his testimony and a foundation being laid and relevancy established, these records, these records are inadmissible for the reasons described in Motion 9.

### 11. *Evidence or testimony regarding Plaintiff's pregnancies and hysterectomy*

As described in Motion 9, in the medical records is evidence that Plaintiff had previously been pregnant. Although the medical records offered by Defendants are not specific as to the dates of those pregnancies, Plaintiff's testimony was that in 2009 or 2010 she had a hysterectomy. Her hysterectomy was at least three years before she began to work for DHS in 2013. Neither Plaintiff's pregnancies nor her hysterectomy are relevant to any issue in dispute. FRE 401, 402.

### 12. *Evidence or testimony regarding the type of motor vehicle Plaintiff drives*

At deposition, one of the witnesses deposed by Defendants was asked if he knew about what type of car Plaintiff drove, to which he responded that he believed it was a BMW. The age, model or manufacturer of the motor vehicle driven by Plaintiff is irrelevant to any issue in dispute in this litigation. FRE 401, 402.

Moreover, the details regarding the car Plaintiff drives should be excluded as any probative value is substantially outweighed by undue prejudice to Ms. Bacon. She could be erroneously perceived as having financial resources which suggest that her damages in this litigation are not important. FRE 403.

### 13. *Evidence or testimony regarding Plaintiff's monthly living expenses*

At deposition, Plaintiff and one of the witnesses deposed by Defendants were asked about Ms. Bacon's monthly living expenses, *i.e.* rent, utilities, etc. and who was contributing to those expenses, both before and after she lost her employment with DHS. In addition, Ms. Bacon was examined about money she borrowed from family members to support herself since she lost her job at DHS. This evidence is irrelevant to any issue in dispute in this litigation. FRE 401, 401.

Moreover, the details regarding Plaintiff's living expenses and any contribution by others

to Plaintiff's living expenses should be excluded as any probative value is substantially outweighed by undue prejudice to Ms. Bacon. She could be erroneously perceived as having financial resources which suggest that her damages in this litigation are not important. FRE 403.

### 14.   *Evidence or testimony regarding Plaintiff's prior engagements*

At deposition, Plaintiff was asked about her prior engagements to be married which occurred in the period of time between 1998 and 2003 – 10 to 15 years before she began to work for DHS in 2013. This evidence is irrelevant to any issue in dispute in this litigation. FRE 401, 402.

### 15.   *Evidence or testimony regarding the items Plaintiff inherited from her parents*

At deposition, Plaintiff was asked about the value of the items she inherited from her deceased parents. Her mother passed away in 1997 and her father passed away in 2011 – again, years before Plaintiff began to work for DHS. This evidence is irrelevant to any issue in dispute in this litigation. FRE 401, 402.

### 16.   *Evidence or testimony regarding the proceeds from the sale of her home*

At deposition, Plaintiff was asked about how much she received from the sale of her home in 2011 or 2012 – an event which occurred one or two years before Plaintiff began to work for DHS. This evidence is irrelevant to any issue in dispute in this litigation. FRE 401, 402.

DATED this 13th day of September, 2021

LAW OFFICES OF JUDY SNYDER

 s/ Judy Danelle Snyder
JUDY DANELLE SNYDER, OSB No. 732834
HOLLY LLOYD, OSB No. 942979
Telephone: (503) 228–5027
Facsimile: (503) 241-2249
Email: judy@jdsnyder.com
Email: holly@jdsnyder.com
Of Attorneys for Plaintiff

PAGE 8 - PLAINTIFF'S MOTIONS *IN LIMINE*

LAW OFFICES OF JUDY SNYDER
1000 S.W. BROADWAY, SUITE 2400
PORTLAND, OREGON 97205
(503) 228-5027
FAX (503) 241-2249