UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

JENNIFER BACON,

    Plaintiff,

  v.

DEPARTMENT OF HUMAN SERVICES
and SONJA BUCCHOLTZ,

    Defendants.

Case No. 3:18-cv-01925-YY

FINAL JURY INSTRUCTIONS

I. **GENERAL INSTRUCTIONS**

**DUTY OF JURY**

  Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.
  Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.
  It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.
  Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**DUTY TO DELIBERATE**

  Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

## RETURN OF VERDICT

A verdict form has been prepared for you. [Read verdict form.] After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the courtroom deputy that you are ready to return to the courtroom.

## BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.
You should base your decision on all of the evidence, regardless of which party presented it.

## TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

You should decide the case as to each plaintiff and defendant separately. Unless otherwise stated, the instructions apply to all parties.

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:
1. the sworn testimony of any witness;
2. the exhibits that are admitted into evidence;
3. any facts to which the lawyers have agreed; and
4. any facts that I may instruct you to accept as proved.

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

If I have ordered that evidence is stricken from the record and that you must disregard or ignore that evidence, that means when you are deciding the case, you must not consider the stricken evidence for any purpose.

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;
2. the witness's memory;
3. the witness's manner while testifying;
4. the witness's interest in the outcome of the case, if any;
5. the witness's bias or prejudice, if any;
6. whether other evidence contradicted the witness's testimony;
7. the reasonableness of the witness's testimony in light of all the evidence; and
8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

## REMOTE TESTIMONY

Some witnesses have testified remotely. Their reasons for testifying remotely are not relevant to what you must decide in this case. Therefore, you shall not speculate as to their reasons for testifying remotely. Also, you must consider their testimony just as you would the testimony by any witness who is appearing in person.

## CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

## CHARTS AND SUMMARIES RECEIVED IN EVIDENCE

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

## EVIDENCE IN ELECTRONIC FORMAT

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the clerk. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

## EXPERT OPINION

You have heard testimony from experts who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## ACT OF AGENT IS ACT OF PRINCIPAL— SCOPE OF AUTHORITY NOT IN ISSUE

Any act or omission of an agent within the scope of authority is the act or omission of the principal.

## ORAL ADMISSIONS

Statements made by the plaintiff or the defendant that are unfavorable to that party are called *oral admissions*. A witness's testimony, or other evidence about such statements, is to be viewed with caution. In evaluating testimony or other evidence about an oral admission, you should consider two things:

(1) Whether the statement was clearly and understandingly made by the plaintiff or the defendant; and

(2) Whether the language is correctly remembered and accurately reported by the witness.

## II.    CLAIMS

### A.    WHISTLEBLOWER RETALIATION—ORS 659A.199—AGAINST DHS

#### WHISTLEBLOWING

ORS 659A.199 provides that it is an unlawful employment practice for an employer to discharge, demote, suspend or in any manner discriminate or retaliate against an employee with regard to promotion, compensation or other terms, conditions or privileges of employment for the reason that the employee has in good faith reported information that the employee believes is evidence of a violation of a state or federal law, rule or regulation.

To recover on her whistleblowing claim against defendant Department of Human Services ("DHS") under ORS 659A.199, Ms. Bacon must prove:

(1) Ms. Bacon reported information that she believed to be evidence that DHS violated a state or federal law, rule, or regulation;

(2) Ms. Bacon acted in good faith in reporting the information; and

(3) DHS discharged, demoted, suspended, or discriminated or retaliated against Ms. Bacon with regard to any term, condition, or privilege of employment because she reported the information.

#### HOSTILE WORK ENVIRONMENT

Hostile work environment may be the basis for a retaliation claim.

Harassment is actionable only if it is sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive working environment.

Not every insult or harassing comment will constitute a hostile work environment. A single act is insufficient. However, repeated derogatory or humiliating statements can constitute a hostile work environment.

To determine whether an environment is sufficiently hostile, consider the totality of the circumstances, including the frequency of the retaliatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.

The conditions must be both objectively and subjectively offensive. To establish the existence of a hostile work environment, plaintiff must prove by a preponderance of the evidence:

7 – FINAL JURY INSTRUCTIONS

  1. she was subjected to intimidation, ridicule, and insult; and
  2. the conduct was sufficiently severe or pervasive to alter the conditions of her employment and create a retaliatory abusive or hostile work environment;
  3. she perceived the working environment to be abusive or hostile; and
  4. a reasonable employee in her circumstances would consider the working environment to be abusive or hostile.

## SUBSTANTIAL FACTOR

  Ms. Bacon must show that her whistleblowing was a "substantial factor" in the decision to terminate her employment. A substantial factor is one that made a difference in an employment decision; that is, Ms. Bacon would not have been terminated if she had not reported wrongdoing of her coworkers. Ms. Bacon's reports need not be the only factor.

## EVALUATING DEFENDANTS' JUSTIFICATION FOR ACTIONS

  The focus of your deliberation is whether plaintiff has established by a preponderance of the evidence that actions taken by defendants were motivated by an unlawful purpose. It is not your responsibility to evaluate the employment actions at issue by any other standard.
  It is not your role to decide whether you would have made the same decision if you had been the decision-maker. You must simply decide whether the actions that were taken were a result of unlawful conduct, as opposed to some other motivation.

## FINAL DECISION INFLUENCED BY BIAS OF OTHERS

  You may impute the bias of a supervisor who lacks decision-making authority to the employee's manager and ultimate decisionmaker, if the non-decisionmaker influenced or was involved in the adverse employment decision.

  **B.**  **42 U.S.C. § 1983 CLAIM—AGAINST SONYA BUCHHOLZ**

### SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION

  Ms. Bacon brings her claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

### SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY —ELEMENTS AND BURDEN OF PROOF

  To prevail on her § 1983 claim against defendant Sonya Buchholtz, Ms. Bacon must prove each of the following elements by a preponderance of the evidence:
  1. Ms. Buchholtz acted under color of state law; and
  2. the acts of Ms. Buchholtz deprived Ms. Bacon of her right to free speech under the United States Constitution as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

The parties have stipulated that Ms. Buchholtz acted under color of state law.

If you find that Ms. Bacon has proved each of these elements, and if you find that Ms. Bacon has proved all the elements she is required to prove under the other instructions for this claim, your verdict on this claim should be for Ms. Bacon. If, on the other hand, you find that Ms. Bacon has failed to prove any one or more of these elements, your verdict on this claim should be for Defendant Buchholtz.

## PARTICULAR RIGHTS—FIRST AMENDMENT —PUBLIC EMPLOYEES—SPEECH

As previously explained, Ms. Bacon has the burden of proving that the acts of defendant Ms. Buchholz deprived Ms. Bacon of particular rights under the United States Constitution. In this case, Ms. Bacon alleges Ms. Buchholz deprived her of her rights under the First Amendment to the Constitution when she retaliated against Ms. Bacon for reporting unlawful activity of her coworkers.

Under the First Amendment, a public employee has a qualified right to speak on matters of public concern. In order to prove Ms. Buchholz deprived Ms. Bacon of this First Amendment right, Ms. Bacon must prove the following elements by a preponderance of the evidence:

1. the plaintiff spoke as a private citizen and not as part of her official duties as a public employee;
2. the plaintiff spoke on a matter of public concern;
3. the defendant took an adverse employment action against the plaintiff; and
4. the plaintiff's speech was a substantial or motivating factor for the adverse employment action.

An action is an adverse employment action if a reasonable employee would have found the action materially adverse, which means it might have dissuaded a reasonable worker from engaging in protected activity.

A substantial or motivating factor is a significant factor.

## PARTICULAR RIGHTS—FIRST AMENDMENT —PUBLIC EMPLOYEES—SPEAKING AS A PRIVATE CITIZEN

A plaintiff speaks as a public employee when he or she makes statements pursuant to his or her official duties. In contrast, a plaintiff speaks as a private citizen if the plaintiff had no official duty to make the statements at issue, or if the speech was not the product of performing the tasks the plaintiff was paid to perform.

In deciding whether a public employee was speaking as a citizen and not as part of his or her official duties, and thus whether his or her speech was constitutionally protected under the First Amendment, you may consider the following factors:

(1) Did the plaintiff confine her communications to her chain of command? If so, then such speech may fall within the plaintiff's official duties. If not, then such speech may fall outside of the plaintiff's official duties.

(2) Was the subject matter of the communication within the plaintiff's job duties? If so, then such speech may fall within the plaintiff's official duties. If not, then such speech may fall outside of the plaintiff's official duties.

(3) Did the plaintiff speak in direct contravention to her supervisor's orders? If so, then such speech may fall outside of the plaintiff's official duties. If not, then such speech may fall within the plaintiff's official duties.

(4) Was the subject matter of the communication about broad concerns over corruption or systemic abuse beyond the specific department, agency, or office where the plaintiff worked? If so, then such speech may fall outside of the plaintiff's official duties. If not, then such speech may fall within the plaintiff's official duties.

## **DAMAGES**

### **DAMAGES—PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

Economic damages are the objectively verifiable monetary losses that the plaintiff has occurred or will probably incur. Noneconomic damages are the subjective, nonmonetary losses that a plaintiff has sustained or probably will sustain the future.

The law does not furnish you with any fixed standard by which to measure the exact amount of noneconomic damages. However, the law requires that all damages awarded be reasonable. You must apply your own considered judgment, therefore, to determine the amount of noneconomic damages.

If you find for the plaintiff, Ms. Bacon, on her claims, you must determine Ms. Bacon's damages. Ms. Bacon has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Ms. Bacon for any injury you find was caused by DHS or Sonya Buchholtz.

In determining the measure of damages, you should consider:
1. The nature and extent of the injuries;
2. The mental and emotional pain and suffering experienced;
3. Any injury to the plaintiff's reputation;
4. The reasonable value of wages, benefits, and retirement lost from February 26, 2019, up to the present time; and
5. The reasonable value of wages, benefits, and retirement that with reasonable probability will be lost in the future. It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

## DAMAGES—MITIGATION

The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.  that the plaintiff failed to use reasonable efforts to mitigate damages; and
2.  the amount by which damages would have been mitigated.

## EVIDENCE FOR LIMITED USE

You have heard evidence that in 2019, Ms. Bacon filed a lawsuit for personal injuries she sustained in June of 2017. This evidence has been introduced for the limited purpose of determining Ms. Bacon's damages in this case. In determining Ms. Bacon's non-economic damages, you may consider whether, or to what extent, the damages Ms. Bacon seeks against the defendants for emotional distress are similar to, or different from, those damages which she sought in her 2019 personal injury lawsuit.

You should not consider the evidence of Ms. Bacon's 2019 lawsuit for any other purpose.

## ANXIETY FROM LAWSUIT IS NOT A BASIS FOR DAMAGES

Evidence of plaintiff's anxiety or emotional distress in bringing or participating in this lawsuit cannot be considered by you in determining an award of damages.

## TIME LIMITATIONS ON PLAINTIFF'S CLAIMS

Plaintiff is not allowed to recover for economic damages prior to February 26, 2019.